# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KAMILAH A. JONES,
        Appellant,

    v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
SF-0752-20-0202-I-1

DATE: July 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kamilah A. Jones</u>, Smyrna, Georgia, pro se.

<u>Jessica Choi</u>, Esquire, Los Angeles, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary resignation appeal for lack of Board jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a Social Worker with the Veterans Health Administration. Initial Appeal File (IAF), Tab 5 at 25. On January 20, 2019, she was selected for a lateral transfer to Los Angeles, California. *Id.* at 33. On April 22, 2019, the appellant submitted her resignation from the position, effective April 30, 2019. *Id.* at 25, 30.

The appellant filed an Equal Employment Opportunity (EEO) complaint, which the agency accepted as a mixed case. *Id.* at 20-23. She subsequently filed the instant appeal, alleging that she was forced to resign because of unlawful discrimination and retaliation. IAF, Tab 1 at 3. As described by the appellant, she felt forced to resign due to a hostile work environment. Specifically, she explained disrespectful behavior from her immediate supervisor, inadequate work equipment, and a lack of training at her new position. IAF, Tab 9 at 7-25.

The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 17, Initial Decision (ID) at 1, Tab 1 at 2. She specifically found that the

appellant failed to nonfrivolously allege working conditions so intolerable that a reasonable person would have felt compelled to resign. ID at 6-8.

The appellant has filed a petition for review, repeating many of her arguments raised below. Petition for Review (PFR) File, Tab 1 at 4-6. She also argues that she was not awarded a step increase she deserved when she was transferred to Los Angeles and alleges violations of merit system principles. *Id.* at 5. The agency has responded, and the appellant has replied to its response.[2] PFR File, Tabs 3, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge here found that the appellant's allegations, even if true, were insufficient to amount to a nonfrivolous allegation that her resignation was involuntary. ID at 8. We agree.

An employee-initiated action, such as a resignation, is presumed to be voluntary and thus outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary resignation is tantamount to a removal, however, and is therefore subject to the Board's jurisdiction. *Id.* An appellant is entitled to a hearing on the issue of Board jurisdiction over an alleged involuntary resignation only if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Gibeault v. Department of the Treasury*, 114 M.S.P.R. 664, ¶ 6 (2010).

Coercive involuntariness is a narrow doctrine. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 10 (citation omitted), *aff'd per curiam*, 469 F. App'x 852 (Fed. Cir. 2011). To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of her resignation, she had no realistic alternative but to resign, and her

---

[2] In the appellant's reply, she suggested that she wanted to withdraw her petition for review. PFR File, Tab 4 at 3. The Acting Clerk of the Board ordered the appellant to confirm whether she intended to withdraw her petition for review. PFR File, Tab 5 at 2. The appellant did not respond within the response period, and we therefore now will address her petition for review as filed.

resignation was the result of improper acts by the agency. *Vitale*, 107 M.S.P.R. 501, ¶ 19. The touchstone of the voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Id.*

The appellant here alleges that her supervisor was disrespectful and hostile towards her, including by having addressed the appellant by her first name and by having refused to call her "Dr. Jones." PFR File, Tab 1 at 5. She additionally alleges that her supervisor would not respond to her emails, and treated other employees more favorably. *Id.* She described her supervisor as "hands off," which she perceived as hostile and unwilling to help. *Id.*; IAF, Tab 9 at 7-8. Despite her requests, the appellant alleges she received no training and additional support. PFR File, Tab 1 at 5-6. She asserts that the agency had enough money to award her a step increase, but her request for one was denied both by the Atlanta office from which she transferred, as well as by her supervisor in Los Angeles.[3] *Id.*

When alleging involuntary resignation due to harassment and a hostile work environment, the appellant must demonstrate that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign. *Vitale*, 107 M.S.P.R. 501, ¶ 20. An employee is not guaranteed a stress-free working environment. *Brown*, 115 M.S.P.R. 609, ¶ 15. A feeling of being unfairly criticized and difficult or unpleasant working conditions are

---

[3] The appellant argues that the initial decision erroneously states that she was "reassigned" to Los Angeles. PFR File, Tab 1 at 4; ID at 2. She argues that she was selected for the position, which involved different duties than her previous job in Atlanta. PFR File, Tab 1 at 4. We discern no error in the description of the change in positions as a reassignment. A Standard Form 50 contained in the record and reflecting this action describes it as such. IAF, Tab 5 at 33. In any event, because the nature of this transfer is not relevant to the jurisdictional issue, any alleged error does not warrant reversal of the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

generally not so intolerable as to compel a reasonable person to resign. *Id.* The appellant also alleges her supervisor's conduct violated merit system principles and amounted to reprisal and discrimination. PFR File, Tab 1 at 6; *e.g.*, IAF, Tab 9 at 4-5, 19. The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary resignation only insofar as those allegations relate to the issue of voluntariness. *Brown*, 115 M.S.P.R. 609, ¶ 10.

The appellant's claims here, even if true, are insufficient to demonstrate that her resignation was involuntary. *See Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 13 (2010) (determining that a reasonable person in an appellant's position would not have resigned when his supervisor denied his request for advanced leave, spoke to him in a disrespectful way, and did not provide him any assistance with his work assignments, and a higher-level official refused to grant him an education waiver that would have allowed him to apply for certain vacancies). We therefore agree with the administrative judge that the appellant has failed to nonfrivolously allege that the working conditions were so difficult or unpleasant that a reasonable person would have felt compelled to resign.

Because we lack jurisdiction over the appellant's alleged involuntary resignation, we also lack jurisdiction over her discrimination and prohibited personnel practices claims. *See Fahrenbacher v. Department of Veterans Affairs*, 89 M.S.P.R. 260, ¶ 9 (2001) (explaining that the Board could only review an appellant's claims of discrimination in employment under title VII standards if he established jurisdiction over his alleged involuntary retirement); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (observing that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871 73 (D.C. Cir. 1982). Accordingly,

we affirm the initial decision dismissing her appeal for lack of Board jurisdiction.[4]

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Because the appellant raised a claim of discrimination in this constructive adverse action appeal, and the Board has now issued a Final Order dismissing the appeal for lack of jurisdiction, the agency is required, under Equal Employment Opportunity Commission (EEOC) regulations, to reissue a notice under 29 C.F.R. § 1614.108(f) giving the appellant the right to elect between a hearing before an EEOC administrative judge and an immediate final decision. See 29 C.F.R. § 1614.302(b).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                   *Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.